*United States District Court*
*Northern District of Georgia*
*Atlanta Division*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUN 28 2013
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF COBB | ) | |
| | ) | DOCKET NO. 2013CV225532 |
| | ) | 2013CV226022 |
| | ) | 1:13-CV-2183 |
| WILLIAM D ADAMS | ) | |
| Plaintiff(s) | ) | DEMAND FOR JURY TRIAL |
| | ) | IN ACCORDANCE WITH THE 7TH |
| vs. | ) | AMENDMENT OF THE U.S. |
| | ) | CONSTITUTION AND RULE 38 OF |
| FLORIDA AIR SERVICES | ) | THE FEDERAL RULES OF CIVIL |
| GEORGIA DEPT OF LABOR | ) | PROCEDURE |
| MARK BUTLER | ) | |
| Defendant(s) | ) | Complaint |

COMES NOW, the Plaintiff, William D. Adams, and, pursuant to Federal Rules of Civil Procedure Rule 38 (a) through 38(c), and the Seventh Amendment of the United States Constitution, hereby submits a demand for a jury trial in the above-captioned case and in support thereof, states the following:

1. Rule 38 of the Federal Rules of Civil Procedure States:

   > "Rule 38. Right to a Jury Trial; Demand
   > (a) RIGHT PRESERVED. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.
   >
   > (b) DEMAND. On any issue triable of right by a jury, a party may demand a jury trial by:
   >
   > (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).
   >
   > (c) SPECIFYING ISSUES. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may—within 14 days after being served with the demand or within a shorter time ordered by the court—serve a

1

demand for a jury trial on any other or all factual issues triable by jury."

2. Plaintiff has filed a pleading within this Court today, *June 28, 2013*, therefore, the time limit of "within 14 days of the pleading directed to this issue".

3. The Defendant was unfairly prejudicial to Plaintiff by specifically requesting a non-jury trial. Plaintiff, as a *pro se* litigant, only recently became aware of his right to a jury trial given the Seventh Amendment of the United States Constitution states, in whole, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

4. The Defendant alleged, in the original Complaint filed, that Plaintiff owes Defendant a sum in the amount over $1,470.00, which is substantially larger than $20. Given that the Plaintiff has disputed this debt from months prior to the filing of the Complaint, the entire monetary claim is in dispute and is a genuine issue of material fact which must be tried.

5. Plaintiff has already been repeatedly subjected to unfair prejudice by this Court in the following manner and has no reasonable expectation of a fair and impartial trial or ruling.

    a. Blanket denial of Plaintiff's Motion for a More Definitive Statement (requesting proper discovery by which he may properly and reasonably pursue his case with all evidence, not verbal as alleged in the included file as evidence).

    b. Blanket denial of Plaintiff's request for evidence to be produced of the alleged cases.

    c. Refusal of the Appeal's Board to consider evidence requested in a second hearing, the first one having been had without Plaintiff present, after requesting a postponement.

2

    d. To expose a financial incentive from the federal government to close as many cases for U/E as possible, evident the recent denial to laid off school employees and a bounty given by the Fed to the DOL. This court order, though, is adversarial and a negative mark entered into the record and shows further and active prejudice against the Plaintiff by this Court.

6. Plaintiff is not secure in the knowledge he will receive a fair and impartial trial or final outcome of this case, without a jury trial. Several judges have overseen this case and Plaintiff has faced a great deal of preferential treatment toward Defendant and unfair and prejudicial treatment toward himself.

WHEREFORE, To preserve the integrity of the judicial process and the Defendant's right to a fair and impartial trial, Plaintiff demands the invocation of his right to a jury trial.

SIGNED AND SUBMITTED this 28, day of June 2013, by certified mail to all parties, and filed within this Court at same time for docking into the official court record for consideration and ruling.

William D. Adams, *pro se* Plaintiff
5086 Crowe Dr.
Smyrna, GA 30082
404-396-0127

(813) 246-5221  
24 Hours

(813) 246-5192  
Fax

# *Florida Air Services, Inc.*

7796 Professional Place • Tampa, Florida 33637-6742  
E-mail: service@floridaairservices.com

March 25, 2013

Ms. Angela Bullard-Davis  
Fulton Co. Superior Court  
JCT-4705  
185 Central Ave. SW  
Atlanta, GA 30303

RE: Civil Action No.: 2013CV225532

Ms. Bullard-Davis:

Attached please find copies of my e-mail correspondence with you on January 25, 2013 and February 1, 2013, as well as your response on February 1, 2013.

We respectfully request that these documents be entered into evidence at the hearing for the subject action.

It is obviously our position that Mr. Adams was discharged legally, and fairly for cause and the Georgia Department of Labor has agreed on numerous occasions through numerous appeals. We have participated by telephone throughout the entire process. Apparently that is no longer sufficient.

That being said, please be advised that Florida Air Services will NOT be in attendance for this hearing on May 22, 2013 but would like to be sure that Judge Campbell is aware that we are a Florida Corporation and that we do not now, nor have we ever done business in the State of Georgia. Also that Mr. Adams was hired in Florida, worked exclusively in Florida, was paid in Florida and was legally and fairly discharged in Florida. We protest being held accountable for Georgia law and/or regulation.

Thank you in advance for your assistance.

Sincerely,

Gerald W. McCarley  
President

cc: Mr. William Adams  
14851 SR 52 Unit #107 PMB 119  
Hudson, FL 34669

cc: Shalen S. Nelson  
Office of the Attorney General  
40 Capitol Square  
Atlanta, GA 30334

Air Conditioning Service for Business and Industry  
St. Cert. # CAC012143, CMC1249886

# Gerald McCarley

**From:** Davis, Angela [Angela.Davis@fultoncountyga.gov]
**Sent:** Friday, February 01, 2013 2:42 PM
**To:** Gerald McCarley
**Subject:** RE: Civil Action No. 2013CV225532

Dear Mr. McCarley:

If I understand your e-mail correctly you would like to know why are you required to appear at this hearing and why are you subject to Georgia law that is different from Florida law? Let me state initially, that we are not allowed to provide legal advice. The Court can usually answer logistical questions by e-mail but issues that relate to the substance of a case must be submitted to the Court by motion or at a hearing. Accordingly, whether and why you are subject to Georgia law is not a matter that I may address. If you contend that you are not, it is certainly an issue that you may raise for the Court.

The hearing in question is simply a review of the decision made by the administrative board. The Court will not accept new evidence, it will only hear argument. Whether you choose to appear is your decision. If you would like to waive appearing at the hearing and stand upon the record, please forward a letter indicating this. Following the hearing, whether or not you appear, the Court will issue a written order that will be mailed to all parties.

All parties should always be copied on any correspondence with the Court. Please forward a copy of your original inquiry and my response to Petitioner and the Attorney General.

Sincerely,

Angela Bullard Davis
Staff Attorney to Judge Campbell
Superior Court of Fulton County
JCT-4705
185 Central Ave, SW
Atlanta, GA 30303
(404) 612-8381 – t
(404) 893-6609 – f


**From:** Gerald McCarley [mailto:GMcCarley@floridaairservices.com]
**Sent:** Friday, February 01, 2013 10:41 AM
**To:** Davis, Angela
**Subject:** Civil Action No. 2013CV225532

Ms. Bullard-Davis

I sent the following inquiry a week ago regarding the subject action.

I saw where you read my email but I have not seen a response.

I thought perhaps your response may have gone to my junk e mail file and I missed it, so I am inquiring again.

I would be happy to call and speak with you in person if you prefer but the only contact information I was provided was your e mail address.


3/25/2013

Thank you for your help.

Sincerely,

Gerald W. McCarley
Florida Air Services, Inc.
President

**From:** Gerald McCarley
**Sent:** Friday, January 25, 2013 1:56 PM
**To:** 'Angela.davis@co.fulton.ga.us'
**Cc:** Kristen A. Prossen
**Subject:** Civil Action No. 2013CV225532

*Florida Air Services, Inc.*
7796 Professional Place • Tampa, Florida 33637-6742
E-mail: service@floridaairservices.com
Phone (813) 246-5221 ~ Fax (813) 246-5192

January 25, 2013

Angela Bullard-Davis
Fulton County Superior Court
Atlanta Judicial Circuit
Atlana, GA

Ms. Bullard-Davis

I am in receipt of a Notice of Hearing from Judge Tom Campbell regarding Civil Action No.: 2013CV225532. Your e-mail address was given as a contact for questions regarding this hearing.

It concerns Mr. William Adams who is a past employee of our company. Mr. Adams is listed as "Plaintiff".

I have a few questions regarding this notice:

1. Is this a subpoena commanding us to appear for this hearing?
2. What is the purpose of this hearing?
3. Why are we listed as "Defendant"? Are we being sued or charged with a violation of law?
4. If so, what?

This is all very confusing to us.

Florida Air Services, Inc. is a Florida Corporation. We do not now, nor have we ever done, business in the State of Georgia. We hired Mr. Adams as a service technician February 27, 2012 and discharged him on April 27, 2012.

3/25/2013

Mr. Adams filed for unemployment benefits in the State of Georgia where he lived prior to our employment.

We have participated in numerous hearings and actions regarding Mr. Adams' unemployment and were found not responsible in every one. Mr. Adams continues to appeal this decision, now I assume to The Superior Court of Fulton County.

All prior hearings have been via telephone conference. Why now are we required to appear at this hearing and experience the significant expense and inconvenience when we have never done business in Georgia?

As a side note, the State of Florida has a provision in its unemployment compensation statute that gives an employer a 90 day evaluation period. During that time, the employer can determine whether a new employee is competent for the position as hired. If the new employee is discharged during that evaluation period, any unemployment compensation is not charged to that employer's claims experience. Since we are in Florida, hired Mr. Adams to work in Florida, and have complied with Florida Law, why are we subject to the Georgia law that is different?

Thank you in advance for your time and for any information you can provide. If you would like to speak with me I can be contacted as listed in our letterhead.

Sincerely,


Gerald W. McCarley
President
GMcCarley@FloridaAirServices.com

3/25/2013

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

MAR 2 0 2013

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| William Adams | * | |
| Plaintiff(s) | * | Civil Action No. : 2013CV225532 |
| v. | * | |
| | * | |
| Mark Butler, Commissioner GA Dept. of Labor, | * | |
| Florida Air Services, Inc. | * |  |
| Defendant(s) | * | |

### AMENDED NOTICE OF HEARING

Please be advised the above-styled case appears before Judge Tom Campbell in Courtroom 4-B , Justice Center Tower, 185 Central Avenue, Atlanta, Georgia 30303 on the **22nd** day of **May, 2013**, at **11:30** a.m. for a **Judicial Review Hearing**. This matter is specially set. Late arrivals or failure to appear may result in dismissal of the action or other sanctions. Mailing for faxing a letter of conflict does not constitute permission not to appear.

**Counsel listed below are directed to make sure that all necessary parties, non-local attorneys, and pro se parties have notice of this hearing.** Unless the parties received advance permission from the Court, each side will be limited to fifteen (15) minutes.

No continuances will be granted unless good cause is shown. Questions concerning the hearing should be directed to Staff Attorney, Angela Bullard Davis at co.fulton.ga.gov.

Judge Tom Campbell
Fulton County Superior Court
Atlanta Judicial Circuit

William Adams
Pro Se
14851 SR 52, Unit 107 PMB 119
Hudson, FL 34669

Florida Air Services, Inc.
Pro Se
P. O. Box 2166
Seffner, FL 33583

Shalen S. Nelson
Office of the Attorney General
40 Capitol Square
Atlanta, GA 30334

She made the transcript today May 22, 2013

**BEVERLY S. BARFIELD**
OFFICIAL COURT REPORTER
TO THE HON. TOM CAMPBELL

Superior Court of Fulton County
185 Central Avenue, S.W., JCT-4705
Atlanta, Georgia 30303
Email: Beverly.Barfield@fultoncountyga.gov

(404) 612-4576
Fax (404) 73:-658

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEOGIA

MAR 20 2013
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA



| | |
|---|---|
| William Adams<br>Plaintiff(s)<br>v.<br><br>Mark Butler, Commissioner GA Dept. of Labor,<br>Florida Air Services, Inc.<br>Defendant(s) | Civil Action No. : 2013CV225532<br><br>received<br>5/22/13 |

## AMENDED NOTICE OF HEARING

Please be advised the above-styled case appears before Judge Tom Campbell in Courtroom 4-B, Justice Center Tower, 185 Central Avenue, Atlanta, Georgia 30303 on the **22nd** day of **May, 2013**, at **11:30** a.m. for a **Judicial Review Hearing**. This matter is specially set. Late arrivals or failure to appear may result in dismissal of the action or other sanctions. Mailing for faxing a letter of conflict does not constitute permission not to appear.

**Counsel listed below are directed to make sure that all necessary parties, non-local attorneys, and pro se parties have notice of this hearing.** Unless the parties received advance permission from the Court, each side will be limited to fifteen (15) minutes.

No continuances will be granted unless good cause is shown. Questions concerning the hearing should be directed to Staff Attorney, Angela Bullard Davis at co.fulton.ga.gov.


Judge Tom Campbell
Fulton County Superior Court
Atlanta Judicial Circuit

William Adams
Pro Se
14851 SR 52, Unit 107 PMB 119
Hudson, FL 34669

Florida Air Services, Inc.
Pro Se
P. O. Box 2166
Seffner, FL 33583

Shalen S. Nelson
Office of the Attorney General
40 Capitol Square
Atlanta, GA 30334

She made the transcript today May 22, 2013

**BEVERLY S. BARFIELD**
OFFICIAL COURT REPORTER
TO THE HON. TOM CAMPBELL

Superior Court of Fulton County
185 Central Avenue, S.W., JCT-4705
Atlanta, Georgia 30303
Email: Beverly.Barfield@fultoncountyga.gov
(404) 612-4576
Fax (404) 730-8361

**FINAL ORDER**

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA



FILED IN OFFICE
MAY 29 2013
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| WILLIAM ADAMS, | |
| Appellant/Employee, | Civil Action File No: |
| vs | 2013CV225532 |
| FLORIDA AIR SERVICES, INC., | |
| Appellee/Employer, | |
| and | |
| COMMISSIONER OF THE DEPARTMENT OF LABOR, | |
| RESPONDENTS. | |

## FINAL ORDER

Petitioner filed the above-styled petition as an appeal of a decision by the Department of Labor ("Department") denying him benefits based upon a determination by the administrative hearing officer that Appellant was discharged for his inability to follow directions and lack of improvement in his work performance.

The Court heard oral argument on this matter on May 22, 2013. Appellant appeared pro se. Respondent Department of Labor filed the administrative record and waived appearance at the hearing. Respondent Florida Air Services, Inc. did not attend the hearing.

Petitioner asserts that the administrative hearing officer was biased towards the employer. Petitioner also claims the employer never warned him about his work performance and discharged him because it couldn't afford him.