UNITED STATES DISTRICT COURT

For The Northern District of Georgia

| | |
|---|---|
| WILLIAM D. ADAMS )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>Mark Butler, Georgia Department of Labor )<br>Florida Air )<br>*Defendants* ) | CIVIL ACTION 1:13-CV-2183 AT |

My Response to the State of Georgia in the United States District Court

Since I am a sovereign citizen of the State of Florida residing in the State of Georgia I wish to invoke my 7th Amendment right to a jury trial for anything over $20.

If the State British Attorney Registry rules of evidence supersedes the U.S. Constitution then there are no rights safe from the injustices created by such allowance by the courts, whether it be the 1st through the 10th Amendments in particular but not limited to such transgressions.

The State Georgia's chance for relief was the first, second, or third chance given when the plaintiff asked for review of the evidence not allowed into the record, even when a request was made to have such specific examples presented by Florida Air Services in the second "bite of the apple" for them when they alleged, without any written examples of my disobeying a direct order never given to not use Supco 88 or any example in writing, of any damage caused by the use of Supco 88, and including their purchase of Supco 88 via P.O.s even after their alleged orders not to use it after March 10th, a Saturday, and the plaintiff was working the day this alleged was given no copies of service tickets where I use resulted in damage to any equipment, as alleged, being sent back to customers for further additional work, in spite of these alleged failures, and when the Georgia DOL Board was given evidence after their arbitrator did not push for such as evidence in the hearing, but all of the plaintiff's request for the 1st hearing postponement was denied, the acceptance, of this action by my incompetent legal counsel, but even when Kriss Prosen was suddenly speaking from the room, after being previously told she could not be present that was accepted as being truthful that she had just stepped back into the room briefly.

An obvious bias exists most likely to the federal incentives out to close cases against plaintiffs to receive payments from the to shorten unemployment back logs, such as the recent case concerning school employees not paid unemployment while they were of work for the summer example cafeteria, bus, janitors, etc.

So the chance for relief was passed over by the "king" many times to correct an injustice.

Not withstanding that an act of false testimony may have been rendered, by Florida Air's Dan Dilport, when he identified March 10th as the plaintiff was told not to use Supco 88, a Saturday non-workday, evidence in the form of time sheet, I provided showing the date, ignored by Unemployment, thus disproving Florida Air's accusation.

Florida Air continued to issue P.O. to buy Supco 88 in April, evidenced in the form of P.O.s I provided in my defense and was sent back to these jobs by the Florida Air, work orders I provided showing that Florida Air continued to send me to the very jobs they claim via hearsay that they had received complaints about. Florida Air failed to provide and was never requested by arbitrator or plaintiff's attorney to provide written evidence backing up their accusations regarding complaints from businesses regarding my work or proof that the alleged Supco 88 was responsible for failures, etc., thus ignoring the very rules of evidence required by GDOL. GDOL ignored their own rules regarding evidence from Florida Air and ruled in favor of Florida Air on hearsay testimony as Florida Air was not required to submit paper evidence proving their accusations. Florida Air did not submit even one service request showing even one failure on service equipment. P.O.s were issued after the alleged first date of March 10th, 2012 which was a Saturday and there are no phone call records for alleged date for Saturday, March 10th, 2012.

Plaintiff requested in transcript examples and this request was ignored by the arbitrator and neither the arbitrator nor the plaintiff's attorney stopped the proceedings to request evidence from Florida Air.

Plaintiff's request for his 7th Amendment Right to a jury was made numerous times in writing.

*[signature]*

William D. Adams, *pro se*, Plaintiff
5086 Crowe Drive
Smyrna, GA 30082

Aug 2, 2013