IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM D. ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FLORIDA AIR SERVICES, | : | CIVIL ACTION NO. |
| GEORGIA DEPARTMENT OF | : | 1:13-CV-2183-AT |
| LABOR, MARK BUTLER, | | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Defendants Georgia Department of Labor and Mark Butler's Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint without prejudice.

## I.  FACTUAL BACKGROUND

On June 28, 2013, Plaintiff William D. Adams filed his *pro se* complaint in this action against Defendants Florida Air Services, Georgia Department of Labor and Mark Butler. On July 1, 2013, Plaintiff served all Defendants via certified mail. [Doc 3.] Plaintiff asserts in his Complaint a "claim" for a jury trial under the Seventh Amendment, presumably to dispute $1,470.00 allegedly owed by him to Defendants. (Compl. ¶ 4.) The Complaint itself contains no other substantive allegations about the nature of the claim being asserted or the

underlying dispute between the parties, other than vague references to a prior complaint filed against Plaintiff by Defendants.[1]  (*Id.* ¶ 4.)  Instead, Plaintiff attached several documents to the Complaint which suggest the dispute arose from the denial of Plaintiff's claim for unemployment benefits by an administrative hearing officer, which was then affirmed by the Department of Labor.[2]  (*Id.* at 4-10.)  It appears Plaintiff subsequently appealed to the Superior Court of the State of Georgia, which issued a final order affirming the Department of Labor's decision.  (*Id.* at 10.)

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court must construe the allegations of a complaint broadly and in the light most favorable to the Plaintiff.  *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  The Court recognizes that Plaintiff is appearing *pro se*, and thus his complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure.

---

[1] Indeed, the Complaint itself is captioned for the State Court of Cobb County, suggesting that Plaintiff is attempting to litigate matters in this Court that have been litigated or are currently being litigated in state court.

[2] In addition to considering Plaintiff's Complaint in its entirety, the Court may consider "documents incorporated by reference and matters of which a court may take judicial notice," such as documents contained in the public record. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

*See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS

Defendants Mark Butler and the Georgia Department of Labor seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(5) for insufficient service of process,[3] and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### A.   Lack of Jurisdiction

Plaintiff's Complaint fails to establish that this Court has jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has original jurisdiction over two types of civil cases:  (1) actions arising out of the Constitution or laws of the United States (federal question jurisdiction); or (2) actions between parties of diverse citizenship (diversity jurisdiction).  28 U.S.C. §§ 1331, 1332.  Construed liberally, Plaintiff's Complaint presents no issues that would give rise to either basis of jurisdiction as explained below.

The Court construes Plaintiff's Complaint as potentially asserting two types of claims.  First, it appears Plaintiff may be attempting to appeal the state

---

[3] The Court notes that Plaintiff failed to perfect service upon Defendants Mark Butler and the Georgia Department of Labor, for the reasons argued by Defendants in their Brief in Support of the Motion to Dismiss (*see* Doc. 5-1 at 5-6).  However, as that defect could be remedied on a timely basis, it does not affect the Court's jurisdictional analysis here.

3

Superior Court's order upholding the administrative denial of his unemployment benefits. Second, as Defendants acknowledge, it is possible to construe Plaintiff's allegation that he was denied a jury trial as asserting a claim for violation of his due process rights. Because Plaintiff's mere invocation of the Seventh Amendment right to a jury trial does not, in itself, create a claim arising out of the Constitution, the Court lacks jurisdiction over either claim for a number of reasons.

> 1. **Plaintiff's attempted appeal in this Court of the state court's order is barred under the *Rooker-Feldman* doctrine**

To the extent that Plaintiff is attempting to appeal the state court judgment denying him unemployment benefits, this claim does not raise a federal question that would grant this Court jurisdiction. Claims for unemployment compensation are resolved through state administrative proceedings in the Department of Labor, with a statutory right to judicial appeal in the state Superior Court and Court of Appeals. *See* O.C.G.A. §§ 34-8-223, 34-8-223(b). Federal subject matter jurisdiction to review a state court's final decision is generally reserved exclusively to the Supreme Court, with limited exceptions[4], under the *Rooker-Feldman* doctrine. 28 U.S.C. § 1257(a); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, (1923) (holding that only the Supreme Court may review final judgments of state courts, reasoning that "the jurisdiction possessed by the District Courts is strictly original," and reviewing a state court decision

---

[4] None of the exceptions to the *Rooker-Feldman* doctrine apply to this case. *See Lance v. Dennis*, 546 U.S. 459, 464-65 (2006).

4

requires an exercise of appellate jurisdiction); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (holding that to the extent plaintiffs challenged the Court of Appeals decisions themselves—as opposed to bar admission rules promulgated on a non-judicial basis by the Court of Appeals—their sole avenue of review was with the United States Supreme Court). This Court therefore does not have jurisdiction to hear an appeal of the state Superior Court's final judgment.

*Rooker–Feldman,* though, "is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. at 284 (2005)). The Supreme Court has cautioned against "a more expansive" application of the *Rooker–Feldman* doctrine in order to abide by Congress' mandate, under the Full Faith and Credit Act, 28 U.S.C. § 1738, that federal courts "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Id.* at 466; *Baker v. General Motors Corp.*, 522 U.S. 222, 246 (1998). Accordingly, the Court must follow Congress' directive that it look principally to state law in deciding what effect to give state-court judgments rather than applying *Rooker–Feldman* as a uniform federal rule of preclusion as to state court judgments. Thus, to the extent Plaintiff is asserting an independent claim for violation of his due process rights in the state court proceedings below, the

Court must determine whether to give preclusive effect to the Superior Court Order, without regard to the *Rooker-Feldman doctrine*.

### 2. The state court judgment affirming the denial of Plaintiff's unemployment benefits is entitled to preclusive effect in this Court

Federal courts will give preclusive effect to state court judgments provided two conditions are met: (1) other courts of the state would give preclusive effect to the judgment of the superior court in question; and (2) the parties had a 'full and fair opportunity' to litigate their claims, and the relevant state court proceedings otherwise satisfied due process requirements. *Shields v. Bellsouth Adver. and Publ'g Co., Inc.*, 228 F.3d 1284, 1288 (11th Cir. 2000); *Smith v. Thurmond*, 854 F. Supp. 2d 1338, 1341 (S.D. Ga. 2010). Georgia's doctrine of *res judicata* precludes "relitigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *James v. Intown Ventures, LLC*, 725 S.E.2d 213, 215 (Ga. 2012); *see also* O.C.G.A. § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is set aside"). Thus, defendants must demonstrate that "three prerequisites are satisfied before *res judicata* applies – (1) identity of the cause of action, (2) identity of their parties or privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Waldroup v. Greene Cnty. Hosp. Auth.*, 463

S.E.2d 5, 7 (Ga. 1995).  All three requirements are satisfied in this case[5]; thus, the first prong of the preclusion test is easily satisfied.  *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *Smith v. Thurmond*, 854 F. Supp. 2d at 1341-42 (finding that former state employee's federal action challenging the denial of his claim for unemployment compensation benefits after his employment was terminated was precluded by judicial review before state superior court).

Plaintiff's allegation that he was "unfairly prejudiced" by being denied a jury trial requires a showing that Plaintiff was denied a full and fair opportunity to litigate in the administrative proceeding.  *See Smith v. Thurmond*, 854 F.Supp.2d at 1342; *Shields v. Bellsouth Adver. and Publ'g Co., Inc.*, 228 F.3d at 1288 ("To show such a denial of due process rights, the Eleventh Circuit requires a plaintiff to present a 'persuasive argument' that the procedures used in his administrative proceeding violated federal due process requirements.")  The absence of a jury trial, in itself, does not constitute a violation of due process.  "Due process merely requires an opportunity for a hearing appropriate to the nature of the case, granted at a meaningful time and in a meaningful manner." *Howkins v. Caldwell*, 587 F. Supp. 98, 104 (N.D. Ga. 1983) (citing *Mullane v.*

---

[5] It is undisputed that (1) Plaintiff is attempting to bring the same cause of action he brought in the Superior Court following the Board of Review's denial of benefits, (*see* Doc. 5-7) (noting that Plaintiff requested right to jury trial and raised due process challenge in proceedings below); (2) Plaintiff and each of the Defendants here were parties to the administrative and judicial proceedings below (*see generally* Compl.); and (3) the Georgia Superior Court is, by express statutory grant, a court of competent jurisdiction to hear appeals of administrative decisions regarding unemployment benefits, *see* O.C.G.A. § 34-8-223(b), and it issued a Final Order in the case affirming the denial of Plaintiff's unemployment benefits, (Doc. 1 at 10).

*Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, (1950)). In other words, due process does not entitle every litigant to a trial by jury, but rather to an appropriate, meaningful hearing.

When determining whether a plaintiff has stated a valid procedural due process claim, the court must look to whether the available state procedures were adequate to correct the alleged procedural deficiencies. *Cotton v. Jackson*, 216 F.3d 1328, 1330-32 (11th Cir. 2000) (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc). "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.*; *see also Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999); *Harris v. Board of Educ.*, 105 F.3d 591, 596 (11th Cir. 1997). If a plaintiff were allowed to sue in federal court under section 1983 before he utilizes appropriate available state remedies, it would "foreclose[] the state's ability to remedy the procedural failings of its subdivisions and agencies in the appropriate fora–agencies, review boards, and state courts." *Cotton*, 216 F.3d at 1331; *McKinney*, 20 F.3d at 1560.

The Eleventh Circuit's decision in *Shields*, finding that Georgia's unemployment benefits compensation scheme provides a "full and fair opportunity" to pursue wrongful termination claims, disposes of Plaintiff's due process claim. *See Shields*, 228 F.3d at 1288 (holding that where the plaintiff exhausted all administrative and judicial procedures afforded him by the Georgia unemployment benefits compensation scheme, and did not assert any specific

violations of due process in relation to those procedures, there was no due process violation).  Under Georgia's scheme claims for unemployment compensation are resolved, as a first resort, through a series of administrative proceedings, and as a last resort through state court judicial proceedings:

> Georgia's unemployment benefits compensation scheme expressly requires that, if the initial determination regarding benefits is challenged, the parties receive a hearing before one or more impartial hearing officers. The parties must, by law, receive reasonable opportunity for fair hearing prior to the hearing officer making a decision. The parties may then seek an additional layer of administrative review before the Board of Review, at which stage the parties may seek leave to submit additional evidence. Next, the parties may seek judicial review of the Board of Review's decision in the appropriate Superior Court. The judicial proceeding is summary in nature, but the court may, if warranted, remand the matter to the hearing officer for further factfinding on an issue. The parties may then seek a second layer of judicial review from the Georgia Court of Appeals.

*Shields*, 228 F.3d at 1288 (citations and internal quotation marks omitted); *see also* O.C.G.A. § 34-8-220(a)-(b) (providing avenue of appeal of adverse ruling to administrative hearing officer and requiring "reasonable opportunity for fair hearing"); O.C.G.A. § 34-8-221 (providing for additional administrative appeal to the Board of Review); O.C.G.A. § 34-8-223 (providing for judicial appeal in the superior court following exhaustion of administrative remedies); O.C.G.A. § 34-8-223(b) (providing that "[a]n appeal may be taken from the decision of the superior court to the Court of Appeals in the same manner as is provided in civil cases."). Here Plaintiff was afforded these procedural safeguards, including a hearing before an administrative hearing officer, a second administrative appeal

before the Department of Labor, and a hearing on appeal before the state Superior Court.  (Doc. 1 at 10); *Shields* 228 F.3d at 1288; *Smith v. Thurmond*, 854 F. Supp. 2d at 1343-44.  It does not appear, however, that Plaintiff pursued an appeal of the Superior Court's order to the Court of Appeals pursuant to O.C.G.A. § 34-8-223(b).[6]  *See Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (holding that "[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on the failure to claim that the state deprived him of procedural due process") (citing *McKinney v. Pate*, 20 F.3d 1550, 1565 (11th Cir. 1994)).  As in *Shields*, Plaintiff has not demonstrated that he was denied a full and fair opportunity to litigate his claims, and thus, this Court gives preclusive effect to the Superior Court's judgment.[7]

This Court therefore lacks subject matter jurisdiction, and the Complaint contains no other basis for federal jurisdiction.  Even assuming Defendant Florida Air Services is a citizen of the state of Florida, the requirements for diversity jurisdiction are not met because the amount in controversy here appears to be less than the $75,000.00 jurisdictional requisite.  Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction is **GRANTED**.

---

[6] Accordingly, Plaintiff's due process claim additionally is barred for this reason.
[7] Indeed, the only difference between the plaintiff in *Shields* and the Plaintiff in the instant case is that the plaintiff in *Shields* had exhausted all of his judicial remedies, where here the Plaintiff never filed a discretionary appeal in a higher state court before filing his Complaint in federal court.

**B.     Failure to State a Claim Upon Which Relief Can Be Granted**

Lastly, Defendants argue Plaintiff's Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, arguing that (1) Defendants Butler and GDOL are entitled to Eleventh Amendment immunity, (2) Defendant Butler is entitled to qualified immunity, and (3) GDOL is not a proper party to a § 1983 claim for violation of due process. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  However, in light of the Court's rulings above, it is not necessary to consider these arguments.  Defendants' Motion to Dismiss for failure to state a claim is therefore **DENIED**.

**IV.   CONCLUSION**

As Plaintiff failed to assert a proper basis for federal jurisdiction, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED** and Plaintiff's Complaint is  **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 10th day of February, 2014.

*/s/ Amy Totenberg*
**Amy Totenberg**
**United States District Judge**